# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ARTHUR BURTON, ET AL** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 07-5961** |
| | * | |
| **ALLSTATE INSURANCE COMPANY** | * | **SECTION "L" (5)** |

## ORDER

All of the parties have indicated that the above-captioned case should be severed.

Federal Rule of Civil Procedure 20(a) establishes the requirements for the permissive joinder of parties: (1) whether the right to relief arises out of the same transaction, occurrence, or series of transaction or occurrences, and (2) whether there are questions of law or fact common to all of the plaintiffs that will arise in the action. Fed.R.Civ.P. 20(a). Both requirements must be satisfied in order for the parties to be properly joined. *Rohr v. Metro. Ins. & Cas. Co.,* Civ. A. No. 06-10511, 2007 WL 163037 (E.D.La. Jan.17, 2007). "[T]he transaction and common question requirements prescribed by Rule 20(a) are not rigid tests ... they are flexible concepts used by the courts to implement the purpose of Rule 20 and therefore are to be read as broadly as possible whenever doing so is likely to promote judicial economy." *Wade v. Minyard Food Stores*, Civ. A. No. 03-1403, 2003 WL 22718445, *1 (N.D.Tex. Nov. 17,2003) (internal quotation marks omitted). As instructed by the Supreme Court, district courts should take a liberal approach to permissive joinder in the interest of judicial economy. *United Mine Workers v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

In addition to the requirements set forth in Rule 20, Rule 21 provides a district court with "broad discretion" to sever improperly joined parties. *Anderson v. Red River Waterway Comm'n*,

231 F.3d 211, 214 (5th Cir.2000); *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir.1994). "Once a claim has been severed ... it proceeds as a discrete unit with its own final judgment, from which an appeal may be taken." 7 Wright, Miller & Kane, Federal Practice & Procedure § 1689 (3d ed.2001). Because the Court finds that the Plaintiffs' claims do not involve common questions of fact or law and do not arise from the same transaction or occurrence, the Court holds that the claims are improperly joined and should be severed. Accordingly;

IT IS ORDERED that the unopposed Motion to Sever (Rec. Doc. No. 12) is GRANTED and the claims of Shirley Burton and Kevin wells are hereby SEVERED.

IT IS FURTHER ORDERED that counsel for the Burtons and Mr. Wells shall, within thirty (30) days of the date of this Order, file an amended complaint for the Burtons and Mr. Wells. The pleadings shall be filed with the Clerk of Court on paper, not electronically. The pleadings shall be accompanied by a copy of the original Complaint and a copy of this Order. Upon filing, the Clerk will assign a new docket number and will assign these cases to Section L.

IT IS FURTHER ORDERED that the Motion to Dismiss Plaintiff Kevin Wells's First Amended Complaint for Damages (Rec. Doc. No. 9) and the Motion for Leave to File (Rec. Doc. No. 13) are hereby DENIED, preserving the parties' rights to re-file the motions.

New Orleans, Louisiana, this 10th day of February, 2009.

UNITED STATES DISTRICT JUDGE